## JOHN CASEY *v.* HIRAM KLETTE.

**Ejectment—Notice to Tenant—Hostile Possession—Landlord and Tenant.**

In an action of ejectment, where a tenant, repudiating his lease and claiming title to the land, changed the possession from a friendly to a hostile holding, it is not necessary for the owner to give notice to vacate the premises.

APPEAL FROM KENTON CIRCUIT COURT.

September 24, 1868.

This was a suit for ouster of appellant from certain lands held by him under lease from Merritt Hodges. Klette was the original owner of the land, and his tenants allowed Hodges, some 10 or 12 years before, to come into possession of same, under an alleged lease from Klette, and three years before the institution of this action Hodges placed John Casey in possession as his tenant, who refused to vacate, claiming title to the lands. The evidence showed

Hodges to have been an intruder, having gone to the agent of Klette and asked to lease the premises, and was informed that he would have to see Klette in person. Several days later Hodges returned and informed the agent that he had seen Klette and it was all right, and thereupon took possession.

The instruction to the jury was "That if they believed from all the evidence that the defendant Casey entered on the land in controversy under Merritt Hodges, and that said Hodges entered on the land as tenant of the plaintiff Klette, they must find for the plaintiff."

From a verdict and judgment for plaintiff, defendant appeals.

OPINION OF THE COURT BY JUDGE PETERS:

It appears from the evidence that appellee had been possessed of the land claimed in this suit for many years; that Hodges ten or twelve years ago occupied the land claiming to have entered under appellee, and a short time before the bringing of this suit he put Casey on the land as his tenant, and renounced his allegiance to appellee.

The length of possession of appellee was sufficient of itself to enable him to maintain the action, and the repudiation of his right by Hodges, and his tenant, changed the possession from a friendly to a hostile holding, and they were not entitled to a *notice* to quit theretofore.

The evidence authorized the verdict, and there is no available objection, or error in the instruction.

Wherefore, the judgment is *affirmed*.

*Carlisle & O'Hara, for appellant.*

*Stevenson & Myers, for appellee.*